Harry Baldi and Emma Baldi, Plaintiffs-Appellees, v. Sol Kurtz, Defendant-Appellant.

Gen. No. 45,661.

Opinion filed May 21, 1952. Released for publication June 6, 1952.

ABRAM HOLTZBLATT, of Chicago, for appellant.

HARVEY M. ADAMS, of Chicago, for appellees.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a forcible detainer action. The trial court denied defendant's motions to quash summons and to dismiss the suit for lack of jurisdiction because plaintiffs had no certificate of eviction and because of the pendency of a petition before the Housing Expediter. The court, without a jury, found for plaintiffs and entered judgment accordingly. Defendant has appealed.

Plaintiffs are owners of a grocery store and a dwelling unit of three rooms separated from the store by a permanent partition. A living room at the rear of the store is separated from it by a temporary partition. Defendant occupies these premises under a lease of the "store . . . to be occupied for [a] Delicatessen and Food Store and for no other purpose whatever" which expired March 31, 1951. On January 29, 1951 plaintiffs notified defendant that the lease would not be renewed or extended, and that defendant would be required to deliver up possession.

When plaintiffs' suit was begun and when judgment was entered there was pending before the Office of the Housing Expediter a petition filed by defendant for a determination that *all* the premises were housing. On June 14, 1951, plaintiffs sued for recovery of the "store rooms and premises" without securing a certificate of eviction as provided in Controlled Housing Rent Regulations § 825.6 (b).

The question is whether the trial court correctly decided (a) that no certificate of eviction was necessary to give the court jurisdiction, and (b) that the pendency of the petition before the Office of the Housing Expediter did not preclude the court from proceeding on the theory that the store premises were commercial though that may have been the very ques-

175

tion presented by the petition and which would determine whether the premises were controlled by the housing regulations so as to require a certificate of eviction.

■ The requirement of a certificate from the Area Rent Director before eviction proceedings can be brought against a tenant under local law applies only to registered housing accommodations and does not extend to commercial premises. At the hearings on defendant's motions, an area rent attorney testified with respect to defendant's petition that there had not been a final determination of the matter; that reports of its investigators showed that the "store portion in the front . . . would be classified as commercial and not under our control"; and that the "housing portion would . . . be separable according to our standards."

■ Defendant claims that when plaintiffs' predecessor registered the premises with the Office of Price Administration in 1942 stating that they were housing accommodations, he admitted they were liable to control. The registration stated: "Store—used as living quarters also." We construe this statement as an admission only with respect to the "living quarters." *Schuessler v. Wollin,* 339 Ill. App. 280, also involving a store and connecting housing accommodations, does not bear on the point raised in the instant case.

■ The lease to defendant was of the "store known as" etc., "to be occupied for Delicatessen and Food Store and for no other purpose whatever . . . ." The statement of claim was for the "store rooms" etc. The judgment entered by the court is for possession of the "STORE ONLY." The housing accommodations at the rear of the store were in no way involved in the action. The trial court was not required to presume that the Housing Expediter would determine

that the store was a housing accommodation and on that presumption decide it had no jurisdiction.

We conclude therefore that the trial court did not err in denying defendant's motions. The judgment is affirmed.

*Judgment affirmed.*

LEWE and FEINBERG, JJ., concur.